Per Curiam.
Duckett, J., absent.
The question really is, whether Gillis’s estate is liable to Man-deville or to Moorehouse. Gillis is a mere stakeholder. Moore-house claims the notes of Gillis, because his own bail has been imprisoned and_ discharged by Mandeville, although neither he himself, nor his bail, have paid the debt for which Gillis’s notes were pledged. This, therefore, must be a most ungracious claim, a claim founded upon no principle of equity. Mandeville has a judgment at law upon the notes, and if the bankruptcy of Gillis had not intervened, must have been left to pursue his remedy at law. Without deciding whether the release of the bail, discharges the principal, nothing is more clear than that the discharge of Moorehouse, without an equitable satisfaction, cannot *422 prevent Mandeville, or his representative, from pursuing his legal remedy against Gillis. Mandeville has a clear title at law under the judgment, and it would be inequitable that Mandeville should be obliged to give up the security until his debt is paid.
The CouRT was also of opinion that Mandeville was not bound to pursue his remedy against the bail of Moorehouse, to enable him to resort to the other collateral security, the notes of Gillis.